14-1770 (L)
Hernandez v. Lynch

BIA
Ferris, IJ
A088 443 380

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of March, two thousand sixteen.

PRESENT:  RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
DENNY CHIN,
*Circuit Judges.*

_____

CARLOS HERNANDEZ, AKA CARLOS HERBNANDEZ, AKA CARLOS MANUEL MEDRANO HERNANDEZ,
*Petitioner*,

v.

14-1770 (L),
14-4128 (Con)
NAC

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER: Perham Makabi, Kew Gardens, New York.

FOR RESPONDENT: Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Catherine Bye, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Carlos Hernandez, a native and citizen of El Salvador, seeks review of an April 24, 2014, decision of the BIA affirming a June 27, 2012, decision of an Immigration Judge ("IJ") denying Hernandez's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Carlos Hernandez*, No. A088 443 380 (B.I.A. Apr. 24, 2014), *aff'g* No. A088 443 380 (Immig. Ct. N.Y. City June 27, 2012). He additionally seeks review of an October 30, 2014, decision of the BIA denying his motion to reopen. *In re Carlos Hernandez*, No. A088 443 380 (B.I.A. Oct. 30, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233,

2

237 (2d Cir. 2008) (internal quotation marks omitted). The applicable standards of review are well-established. 8 U.S.C. § 1252(b)(4)(B); *Su Chun Hu v. Holder*, 579 F.3d 155, 158 (2d Cir. 2009); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

Docket 14-1770 (L) - Final Order of Removal

As an initial matter, Hernandez does not challenge the agency's denial of asylum or CAT relief. Accordingly, we consider only his eligibility for withholding of removal.

To establish eligibility for withholding of removal, an applicant must establish that his "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A); *see also In re J-B-N- and S-M-*, 24 I. & N. Dec. 208, 212 (B.I.A. 2007); *In re C-T-L-*, 25 I. & N. Dec. 341, 346-48 (B.I.A. 2010) (holding that the "one central reason" standard for asylum also applies to applications for withholding of removal). Substantial evidence supports the agency's determination that Hernandez did not satisfy his burden of proof.

The IJ and BIA reasonably found that, even assuming that his proposed social group of "nuclear family" was cognizable, Hernandez did not demonstrate

3

a nexus between that group and the harm that he suffered and fears in El Salvador at the hands of gang members. Hernandez's testimony did not allege any facts from which the agency could have concluded that the harm he suffered for protecting his sister and refusing extortion and recruitment efforts was on account of his membership in his nuclear family, but rather he cited only criminal motives. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group'"); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) ("[S]ince the statute makes motive critical, [petitioner] must provide some evidence of it, direct or circumstantial."). Because Hernandez failed to establish that the harm he suffered was on account of a protected ground, contrary to his contention, the agency was not required to otherwise analyze his past persecution claim. *See* 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b)(1)(i).

In support of his fear of future persecution, Hernandez testified that, after his departure from El Salvador, his brother joined and then defected from a gang, and his father was killed by that gang in 2011. However, Hernandez has no firsthand knowledge of these events and his mother and his uncle, who do have

4

such firsthand knowledge, submitted letters that were inconsistent with Hernandez's speculative statements that his father's murder was a result of his ties to their nuclear family. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166-67 & n.3 (2d Cir. 2008). Accordingly, the agency was not compelled to credit Hernandez's conclusory assertion that the harm he fears would be on account of his membership in his nuclear family and thus did not err in finding that he failed to demonstrate the nexus to a protected ground required to establish his eligibility for withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(A); *see Xiu Xia Lin*, 534 F.3d at 166-67 & n.3; *see also Ucelo-Gomez*, 509 F.3d at 73.

The BIA did not err in declining to consider on appeal Hernandez's revised social group of male family members of gang defectors, because he had not exhausted that claim before the IJ. *See Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015); *see also Matter of J–Y–C–*, 24 I. & N. Dec. 260, 261 n.1 (B.I.A. 2007). And we decline to remand for consideration of his revised group because, despite an opportunity to testify regarding his fear of harm on account of his brother's defection, Hernandez failed to provide any credible basis to conclude that his father was murdered or that he has been threatened on account of his family ties (whether to the larger nuclear family or to his brother). *See Paloka v. Holder*, 762 F.3d 191, 199 n.4 (2d Cir. 2014).

5

Finally, we find no error in the IJ's failure to explicitly discuss the report of Hernandez's expert witness. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006). That report did not remedy the lack of evidence connecting Hernandez's fears to his familial ties; insofar as the report assumed a connection between the two, it was based on Hernandez's statements to the expert and not on firsthand knowledge.

Docket 14-4128(con) - Motion to Reopen

"We review the denial of motions to reopen immigration proceedings for abuse of discretion, mindful that motions to reopen 'are disfavored.'" *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (quoting *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). The BIA may deny a motion to reopen if it "hold[s] that the movant has not established a prima facie case for the underlying substantive relief sought." *I.N.S. v. Abudu*, 485 U.S. 94, 104 (1988).

Hernandez moved to reopen based on his U.S. citizen wife's pending visa petition, arguing that her petition, if granted, would make him eligible for a provisional unlawful presence waiver. The BIA did not err in finding that Hernandez failed to establish his prima facie eligibility for the underlying relief because a provisional unlawful presence waiver is not available to an alien, such

6

as Hernandez, who is subject to a final order of removal. 8 C.F.R. § 212.7(e)(4)(vi); *see also Abudu*, 485 U.S. at 104.

For the foregoing reasons, the petitions for review are DENIED. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk